UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| OLGARINA BURGOS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2: 11-55-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BOB EVANS FARMS, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court for consideration of Defendant Bob Evans Farms, Inc.'s ("Bob Evans") Motion to Sever the Plaintiffs' Action. [Record No. 14] Bob Evans alleges that the plaintiffs are not properly joined under Federal Rule of Civil Procedure 20. As a result, it seeks to sever the instant action into two separate actions, one with Plaintiffs Olgarina Burgos ("Burgos") and Deshina De La Cruz ("De La Cruz"), and the other with Plaintiff Dania Gallegos ("Gallegos"). The plaintiffs oppose the motion. They maintain that their claims arose out of the same series of transactions or occurrences and also present common questions of law and fact. For the reasons discussed below, the Court will grant the relief sought by Bob Evans.

The plaintiffs filed suit against Bob Evans in this Court on March 21, 2011, alleging that Bob Evans Restaurant No. 14 in Florence, Kentucky discriminated against them on the basis of their ethnicity. [Record No. 1] They assert claims under 42 U.S.C. §§ 1981 and 2000(e) on the basis of this alleged discrimination. [*Id.*] The behavior underlying these claims allegedly took place on two separate dates, and under different circumstances. Plaintiffs Burgos and De La

Cruz visited the restaurant together on August 5, 2010, while Plaintiff Gallegos visited the restaurant with several friends in the spring of 2010.[1] The Complaint asserts that Burgos and De La Cruz were seated and remained in the restaurant for over twenty-five minutes without being served, after which they complained to the manager. Gallegos, on the other hand, waited in the front foyer area with her friends for ten minutes to be seated before leaving. She claims that she did not interact with any restaurant employee during her visit.

Rule 20 of the Federal Rules of Civil Procedure governs the permissive joinder of parties. Fed. R. Civ. P. 20. Under this Rule, plaintiffs may join in a single action if they assert a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences," and their claims share a common question of law or fact. *Id.* The "same transaction or occurrence" requirement is a flexible concept, but "the ultimate determination is whether there are enough factual occurrences to ensure that joinder is fair." *Asher v. Minn. Mining & Mfg. Co.*, No. 6:04-522, 2005 U.S. Dist. LEXIS 25564, at *6 (E.D. Ky. Oct. 27, 2005). Mere factual similarity between claims is not enough to show that claims arise from the same transaction or occurrence. *Id.* Where the requirements for permissive joinder of plaintiffs are not met, Rule 21 of the Federal Rules of Civil Procedure grants the Court broad discretion to sever a claim against a party and order that the claims proceed separately. Fed. R. Civ. P. 21.

The plaintiffs in this case assert claims arising from different occurrences. The fact that all three plaintiffs were allegedly injured in the same restaurant is insufficient to meet the

---

[1] There is some discrepancy as to this date in the record. However, the difference does not impact the Court's decision. Therefore, for the purposes of this Order, the Court will use the date asserted by the plaintiffs. [Record No. 16, p. 1 (maintaining that the interrogatory answer contained a typographical error)]

-2-

requirements under Rule 20. Burgos and De La Cruz visited the restaurant at least several months after Gallegos. Additionally, their visit was much longer, and several events and communications took place that did not occur during Gallegos's visit. As Bob Evans points out, the two visits to the restaurant "occurred on different dates, involved different employees, and represented wholly different experiences." [Record No. 14, p. 5] Therefore, the plaintiffs' claims do not arise from the same transaction or occurrence.

Additionally, there is a risk of prejudice to Bob Evans if these cases are not severed. The very different circumstances alleged by the plaintiffs may confuse the jury. The facts supporting Gallegos's claims are more sparse than those supporting the other plaintiffs' claims. The presentation of the two stories together may cause the jury to afford more significance to certain factual allegations than if presented on their own. In this case, that risk of prejudice and possible confusion is not "overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (internal quotation marks omitted). In short, the efficiency gained by consolidating these actions does not outweigh the risk of prejudice to Bob Evans. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Bob Evans Farms, Inc.'s Motion to Sever the Plaintiffs' Action [Record No. 14] is **GRANTED**.

2. The action filed by Plaintiffs Olgarina Burgos and Deshina de la Cruz shall retain Civil Action No. 2: 11-cv-0055-DCR. Within fourteen (14) days of the entry of this

Memorandum Opinion and Order, the plaintiffs may amend their complaint to remove allegations relating to Plaintiff Dania Gallegos.

3. The Clerk of the Court shall assign the next case number to Plaintiff Dania Gallegos. The Clerk of the Court shall further advise counsel of the new case number assigned; however, the matter shall remain assigned to same District Judge and Magistrate Judge. Further, no additional filing fee shall be required. Within fourteen (14) days of the entry of this Memorandum Opinion and Order, Plaintiff Dania Gallegos shall file an Amended Complaint for the purpose of removing allegations relating to Plaintiffs Olgarina Burgos and Deshina de la Cruz.

This 28th day of September, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge